IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

          **Plaintiff/Respondent,**

v.                             **Case No. CIV-08-0916 WJ/LAM**
                                **Case No. CR-04-0236 WJ**

**JAIME MENDOZA,**

          **Defendant/Movant.**


# PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

## PROPOSED FINDINGS

1.      This is a proceeding on a ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** (*CV Doc. 3; CR Doc. 96*)[2] (hereinafter, "***2255 Motion***"), filed on October 7, 2008, by Defendant/Movant Jaime Mendoza, who is incarcerated.  At the time he filed the ***2255 Motion***, Mr. Mendoza appeared in this case *pro se*. Plaintiff/Respondent United States of America (hereinafter, "United States") filed a response to the ***2255 Motion*** (*CV Doc. 5*) (hereinafter, "***Response***") on November 10, 2008, asking the Court to dismiss the ***2255 Motion*** without a hearing.  Mr. Mendoza, having by then obtained counsel, filed

---

[1]Within ten (10) days after a party is served with a copy of these Proposed Findings and Recommended Disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition.  A party must file any objections with the Clerk of the United States District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may respond to another party's objections within ten (10) days after being served with a copy of the objections.

[2]References to documents filed in this civil action are referred to as "*CV Doc. ___.*"  References to documents filed in Case No. CR-04-0236 WJ are referred to as "*CR Doc. ___.*"

a reply in support of the *2255 Motion* (hereinafter, "*Reply*") on November 26, 2008 (*CR Doc. 100*), and December 3, 2008 (*CV Doc. 15*).[3]  The *2255 Motion* is fully briefed and ready for ruling.

2.      A prisoner in federal custody is entitled to relief under 28 U.S.C. § 2255 if a court finds that "[his] sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).  If relief is warranted, a court may vacate and set the movant's judgment aside and discharge the movant, resentence him, grant him a new trial, or correct the sentence "as may appear appropriate."  28 U.S.C. § 2255(b).

3.      In the *2255 Motion*, Mr. Mendoza attacks the sentence imposed on him by the United States District Court for the District of New Mexico in *United States of America v. Jaime Mendoza*, Case No. CR-04-0236 WJ.  The Court has reviewed the parties' submissions on the motion and, for the reasons set forth below, recommends that the motion be denied, without an evidentiary hearing, and that this case be dismissed with prejudice.

4.      On August 2, 2004, at the conclusion of his trial, a jury found Mr. Mendoza guilty on Counts 1 and 2 of an indictment charging him with: (a) conspiracy to commit the offenses of possession with intent to distribute, and distribution of, more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846; and (b) distribution of more than five-

---

[3]On November 21, 2008, attorney Victor Sizemore entered his appearance in this action on behalf of Mr. Mendoza.  *See* **Notice of Entry of Appearance** (*CV Doc. 9*).  On December 2, 2008, attorney Matthew M. Robinson was granted leave to appear pro hac vice in this case on behalf of Mr. Mendoza.  *See* **Order** (*CV Doc. 14; CR Doc. 101*).  Both Mr. Sizemore and Mr. Robinson submitted Plaintiff's *Reply* (*CV Doc. 15; CR Doc. 100*).

hundred grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).[4]   In two supplemental verdicts, the jury determined the quantity of cocaine for each count of the indictment.[5]

5.      Prior to Mr. Mendoza's sentencing, a presentence report (hereinafter, "PSR") was prepared for him.  The PSR calculated a base offense level of 36 under the United States Sentencing Guidelines (hereinafter, the "Guidelines"), and recommended that two offense levels be added for obstruction of justice based on Mr. Mendoza's threats to a witness who testified against him in his case.[6]  With this increase, Mr. Mendoza's total offense level became 38.[7]  The PSR calculated Mr. Mendoza's criminal history points to be 1, placing him in a criminal history category of I.[8] Based on the total offense level of 38 and the criminal history category of I, Mr. Mendoza's Guidelines imprisonment range was 235 to 293 months of imprisonment.[9]

6.      Mr. Mendoza was initially scheduled for sentencing on November 24, 2004, but his sentencing was continued for further briefing.[10]  On December 10, 2004, Mr. Mendoza's attorney filed written objections to his being sentenced at a base offense level of thirty-six.[11]   On

---

[4]*See **Indictment** (CR Doc. 1);* ***Verdict*** *(CR Doc. 75).*

[5]As to Count 1, the jury determined 137 kilograms of cocaine and as to Count 2, they determined 1 kilogram of cocaine.  *See **Supplemental Verdict as to Count 1** (CR Doc. 76);* ***Supplemental Verdict as to Count 2*** *(CR Doc. 77),* respectively.

[6]*See* PSR at ¶¶ 41, 45.

[7]*Id.* at ¶¶ 46, 48.

[8]*Id.* at ¶ 60.

[9]*Id.* at ¶ 95.

[10]*See **Clerk's Minutes** (CR Doc. 83).*

[11]*See **Defendant's Objection to Sentencing at Base Offense Level 36** (CR Doc. 84).*

3

January 24, 2005, Mr. Mendoza was sentenced and judgment was entered on February 18, 2005.[12]
Mr. Mendoza was sentenced to a total term of imprisonment of 293 months, followed by 5 years of
supervised release.[13]  At the sentencing hearing, District Judge William P. Johnson found that the
proper base offense level for Mr. Mendoza was 36.[14]  Judge Johnson found that a two-level increase
was warranted for obstruction of justice, resulting in a total offense level of 38.[15]  With a criminal
history category of I, Mr. Mendoza's Guidelines sentencing range was 235 to 293 months of
imprisonment.[16]  During the sentencing hearing, Judge Johnson acknowledged the advisory nature
of the Guidelines and applied the sentencing factors enumerated in 28 U.S.C. § 3553(a) in
sentencing Mr. Mendoza.[17]

       7.     Mr. Mendoza appealed his conviction to the Court of Appeals for the Tenth Circuit.
On June 1, 2007, the Tenth Circuit entered an order and judgment affirming his conviction.[18]  On
appeal, he argued that the district court erred in admitting expert testimony, denying disclosure of
the identities of two confidential informants and admitting evidence that Mr. Mendoza had
threatened two government witnesses.[19]

---

[12]See **Clerk's Minutes** (*CR Doc. 87*); **Judgment in a Criminal Case** (*CR Doc. 88*).

[13]See **Judgment in a Criminal Case** (*CR Doc. 88*) at 2-3.

[14]See **Transcript of Sentencing [Hearing]** on January 24, 2005, at 19.

[15]*Id.* at 19-21.

[16]*Id.* at 29.

[17]*Id.* at 17, 30-34.

[18]See *United States v. Mendoza*, 236 Fed. Appx. 371, No. 05-2054, 2007 WL 1575985 (10th Cir. June 1, 2007).

[19]*Id.* at 372, **1.

8.      On August 31, 2007, Mr. Mendoza filed a petition for a writ of certiorari to the Supreme Court of the United States and his petition was denied on October 9, 2007.[20]

9.      Mr. Mendoza filed his **2255 Motion** on October 7, 2008, and the United States concedes that his motion was timely filed.[21]   The Court reviews the **2255 Motion**, filed while Mr. Mendoza appeared *pro se*, under a liberal standard.  *United States v. Guerrero*, 488 F.3d 1313, 1316 (10th Cir. 2007).  However, this standard of liberal construction does not mean that the Court may act as Mr. Mendoza's advocate in this proceeding.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

10.      In his **2255 Motion**, Mr. Mendoza contends that his sentence of 293 months is: (a) unreasonable, in violation of his right to due process under the Fifth Amendment to the United States Constitution; and (b) disproportionate to the crime committed, in violation of his right to be free from cruel and unusual punishment under the Eighth Amendment to the Constitution.[22] Additionally, he appears to contend that his sentence violates 18 U.S.C. § 3553(a), because Judge Johnson, in sentencing Mr. Mendoza: (a) allegedly failed to take into account that he was a first-time offender and a life-time drug addict and, instead, considered the Guidelines as presumptively reasonable; and (b) allegedly "failed to consider the sentencing mandate under § 3553(a) to impose the least sufficient sentence necessary to achieve the goals of imprisonment."[23] In its **Response**, the United States contends that Mr. Mendoza's claims are procedurally defaulted

---

[20]*See* letters from the Clerk of the Supreme Court of the United States dated September 5, 2007 (*CR Doc. 94*) and October 9, 2007 (*CR Doc. 95*).

[21]*See* **Response** (*CV Doc. 5*) at 3.

[22]*See* **2255 Motion** (*CV Doc. 3; CR Doc. 96*) at 4, 15.

[23]*Id.* at 4.

and, in the alternative, that they have no merit.[24]   As explained below, the Court agrees that Mr. Mendoza's claims are procedurally defaulted and, therefore, there is no reason to reach the merits of his claims.

## Evidentiary Hearing

11.     As an initial matter, the Court finds that an evidentiary hearing is unnecessary because the ***2255 Motion***, and the files and records of this case, conclusively show that Mr. Mendoza is entitled to no relief.  The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255(b).  Therefore, no evidentiary hearing will be held.

## Procedural Default

12.     Mr. Mendoza appealed his conviction, as described above, but he failed to raise the issues in his direct appeal that he raises in his ***2255 Motion***.  A petitioner is barred from raising an issue in a § 2255 motion that he failed to raise on direct appeal, "unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Bolden*, 472 F.3d 750, 752 (10th Cir. 2006) (internal quotation and citation omitted). The "cause" standard requires Mr. Mendoza to show that some objective factor external to the defense impeded his ability to raise an issue on direct appeal.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  Examples of such external factors include a change in the law.  *Id.*  Ineffective assistance of counsel is another external factor that may constitute "cause" excusing a procedural default.  *Id.*  The "fundamental miscarriage of justice" exception applies only in a narrow class of

---

[24]*See **Response** (CV Doc. 5)* at 3.

6

cases involving "extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

13.     In his motion and reply, Mr. Mendoza appears to argue as "cause" that a change in the law after his appeal was final, attributable to the Supreme Court decisions of *Gall v. United States*, ___ U.S. ___, 128 S.Ct. 586 (2007) and *Kimbrough v. United States*, ___ U.S. ___, 128 S.Ct. 558 (2007), overcomes the procedural default of his claims.[25]   He also appears to argue, as a rebuttal argument in his reply, apparently in the alternative, that his trial attorney provided ineffective assistance at sentencing, thereby excusing procedural default, in failing to assert that Judge Johnson could deviate from the Guidelines and tailor a sentence to Mr. Mendoza's individual circumstances.[26]   Mr. Mendoza does not argue that the fundamental miscarriage of justice exception to procedural default applies to his claims.  The Court finds that Mr. Mendoza's procedural default arguments are without merit.[27]

### A.  Effect of *Gall* and *Kimbrough*

14.     Mr. Mendoza appears to argue that new rules established in the *Gall* and *Kimbrough* cases apply to his case.  *Gall* and *Kimbrough* were both decided after Mr. Mendoza's appeal became final and followed the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005).

---

[25]*See **2255 Motion** (CV Doc. 3; CR Doc. 96)* at 4, 10, 18-23; **Reply** (*CV Doc. 15; CR Doc. 100*) at 2-3. Mr. Mendoza also appears to argue that the Supreme Court's decision in *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007) somehow warrants granting his **2255 Motion**.  *See **2255 Motion** (CV Doc. 3; CR Doc. 96)* at 10, 17-18.  In *Rita*, the Supreme Court held that a federal circuit court may apply a presumption of reasonableness to a properly calculated, within-Guidelines sentence imposed by a district court.  *Rita*, 551 U.S. at ___, 127 S.Ct. at 2462. The Supreme Court also held that a district judge's statement of reasons for imposing a sentence could be legally sufficient, although brief.  *Id.*, 551 U.S. at ___, 127 S. Ct. at 2468-69.  This Court fails to see the specific relevance of these holdings in *Rita* to the issues presented in Plaintiff's **2255 Motion**.

[26]*See **Reply** (CV Doc. 15; CR Doc. 100)* at 2-3.

[27]A single sentence in Mr. Mendoza's reply suggests that he was sentenced for crimes involving crack cocaine, as opposed to powder cocaine.  *See **Reply** (CV Doc. 15; CR Doc. 100)* at 2.  However, the Court finds no indication in the record that the cocaine involved in the crimes for which Mr. Mendoza was convicted was crack cocaine.

*Booker* was decided twelve days before Mr. Mendoza was sentenced.  In *Booker*, the Supreme Court held that mandatory application of the Guidelines was unconstitutional under the Sixth Amendment right to jury trial.  *Id.* at 226-27.  The Court's remedy was to make the Guidelines advisory instead of mandatory.  *Id.* at 245.

15.     In *Gall*, the Supreme Court acknowledged the advisory nature of the Guidelines and explained how sentencing should proceed.  First, a district judge should accurately calculate the applicable Guidelines range.  *Gall*, 128 S.Ct. at 596.  Then, after giving the parties an opportunity to argue for the sentence they deem appropriate, the judge should consider all the factors identified in 28 U.S.C. § 3553(a) to determine the appropriate sentence, without presuming that the Guidelines range is reasonable.  *Id.* at 596-97.  The judge "must make an individualized assessment based on the facts presented."  *Id.* at 597.  If the judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance."  *Id.*  He then "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  *Id.*  In *Kimbrough*, the Supreme Court reaffirmed that the Guidelines were advisory, although remaining "one factor among several [that] courts must consider in determining an appropriate sentence."  *Kimbrough*, 128 S.Ct. at 564.  In *Kimbrough*, the Supreme Court held that a district judge may determine, in a particular case, that a within-Guidelines sentence is greater than necessary to serve the purposes of sentencing.  *Id* at 575-76.[28]

---

[28]In reference to 18 U.S.C. § 3553(a), the Supreme Court stated:

> In sum, while the statute still requires a court to give respectful consideration to the Guidelines, see *Gall v. United States*, *ante*, ___ U.S., at ___, ___, 128 S.Ct. 586, at 594, 596, 2007 WL 4292116, *Booker* "permits the court to tailor the sentence in light of other [§ 3553(a)] concerns as well," 543 U.S. at 245-246, 125 S. Ct. 738.

16.     The Court agrees with the United States that *Gall* and *Kimbrough* do not apply
retroactively to cases on collateral review.  *Gall* and *Kimbrough* are further explanations of the rule
announced in *United States v. Booker*, 543 U.S. 220, 245 (2005), that the Guidelines are advisory,
and the Tenth Circuit has held that *Booker* does not apply retroactively to cases on collateral review
under 28 U.S.C. § 2255.  *See United States v. Bellamy*, 411 F.3d 1182, 1186-87 (10th Cir. 2005).
It follows that *Gall* and *Kimbrough* are not to be applied retroactively on collateral review.
Although the Court's research has revealed no cases from the Tenth Circuit or the District of
New Mexico deciding this question, other courts in recently decided cases have reached the same
conclusion.  *See, e.g., United States v. Cain*, No. 4:06CR3014, 2008 WL 5423845, at *7
(D. Neb. December 30, 2008) (unpublished) ("Like *Blakely* and *Booker*, the *Kimbrough* decision
is not retroactive."); *United States v. Hairston*, Nos. CR4:99CR22TSL-JSC and CV4:08CV121TSL-
JSC, 2008 WL 5156466, at *1 (S.D. Miss. December 8, 2008) (unpublished) ("*Kimbrough* did
not announce a new rule of law, but rather it simply reiterated the Court's holding in
*United States v. Booker*, 543 U.S. 220, . . . that the guidelines are advisory.  As the Fifth Circuit has
ruled that *Booker* is not retroactive on collateral review for purposes of post-conviction relief under
§ 2255, it follows that *Kimbrough* is also not to be applied retroactively on collateral review."); 
*United States v. Felipe*, No. CR05-711-1, 2008 WL 4601917, at *2 (E.D. Pa. October 15, 2008)
(unpublished) ("[A]s further explic[a]tions of *United States v. Booker* . . . (which has consistently
been held not to have retroactive effect), *Kimbrough* and *Gall* must be interpreted to the same non-
retroactive effect."); *United States v. Lackey,* No. 1:CR-03-0171, 2008 WL 4133297, at *2
(M.D. Pa. September 3, 2008) (unpublished) ("Defendant cannot rely on *Gall* and *Kimbrough* in a

---

*Kimbrough*, ___ U.S. at ___, 128 S. Ct at 570.

section 2255 motion since those cases do not apply retroactively on collateral review."); *United States v. Davis*, No. 8:04CR199, 2008 WL 1914352, at *3 (D. Neb. April 28, 2008) (unpublished) (neither *Gall* nor *Kimbrough* apply retroactively on collateral review under § 2255). Moreover, the Supreme Court has not given *Gall* and *Kimbrough* retroactive effect on collateral review of sentences that became final before they were decided. Consequently, the Court concludes that Mr. Mendoza may not rely on *Gall* and *Kimbrough* in this § 2255 proceeding to overcome procedural default.

### B. Ineffective Assistance of Counsel

17.    As noted above, Mr. Mendoza appears to argue in the alternative, as a rebuttal argument in his reply, that his trial attorney provided ineffective assistance of counsel at sentencing in failing to assert that Judge Johnson could deviate from the Guidelines and tailor a sentence to Mr. Mendoza's individual circumstances which excuses Mr. Mendoza's procedural default. *See* **Reply** (*CV Doc. 15; CR Doc. 100*) at 2-3. This argument is refuted by the record.

18.    At the sentencing hearing, Mr. Mendoza's attorney acknowledged that the Guidelines were advisory, after *Booker*, and he urged Judge Johnson to consider the § 3553(a) factors in sentencing Mr. Mendoza.[29] He emphasized the significance of the § 3553(a) factors in his argument when he stated: "Your Honor, Justice Breyer's opinion gives new life to the itemized criteria in 18 U.S.C. § 3553(a). He says that the sentencing guidelines are advisory, but he also says that 3553(a) should control the court's sentencing discretion rather than mere strict and lockstep adherence to the guideline range."[30] Applying the § 3553(a) factors to Mr. Mendoza, his attorney

---

[29]*See* **Transcript of Sentencing [Hearing]** on January 24, 2005, at 22.

[30]*Id.*

advocated a sentence below the Guidelines range based on Mr. Mendoza's youthfulness; the lesser sentences of the other defendants; Mr. Mendoza's modest lifestyle; the relative lack of money Mr. Mendoza made from his criminal activity compared to the other defendants; the fact that Mr. Mendoza did not own the cocaine he distributed; the fact that Mr. Mendoza was a good father who did not involve his children in his drug transactions; and the fact that Mr. Mendoza was skilled roofer who grew up poor in a tough neighborhood in Albuquerque.[31]   The attorney asked Judge Johnson to sentence Mr. Mendoza below the Guidelines range in the range of 151 to 200 months.[32]   The attorney also requested that Mr. Mendoza be recommended for a 500-hour drug program while incarcerated.[33]

19.     To establish ineffective assistance of counsel, Mr. Mendoza must make a two-pronged showing that: (a) his attorney's performance was constitutionally deficient; and (b) the deficient performance prejudiced his defense in that the attorney's errors were so serious as to deprive him of a fair trial with a reliable result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish constitutionally deficient performance, Mr. Mendoza must show that his attorney's performance fell below an objective standard of reasonableness. *Id.* 687-88.   Scrutiny of the attorney's performance must be "highly deferential" and must avoid the distorting effects of hindsight. *Id.* at 689.   Moreover, Mr. Mendoza must overcome a strong presumption that his attorney's conduct "falls within the wide range of reasonable professional assistance; that is, [he] must overcome the presumption that, under the circumstances, the challenged action 'might be

---

[31]*Id.* at 22-26

[32]*Id.* at 26.

[33]*Id.* at 26-27.

considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).  To establish prejudice, Mr. Mendoza "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The Court does not have to address both prongs of the *Strickland* standard if Mr. Mendoza makes an insufficient showing on one of the prongs.  *Id.* at 697.

20.     Here, Mr. Mendoza has failed to make any showing that his attorney's performance was deficient in connection with his sentencing or that he suffered any prejudice in the sentence he received as a consequence of his attorney's acts or omissions.  Thus, the Court finds no merit to his ineffective assistance claim under the *Strickland* standard.[34]

## Conclusion

21.     Mr. Mendoza's claims under 28 U.S.C. § 2255 are procedurally barred and he has failed to demonstrate "cause" and "prejudice" to overcome the procedural bar, or a "fundamental miscarriage of justice."  Consequently, his ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*** (*CV Doc. 3; CR Doc. 96*) should be denied, without an evidentiary hearing, and judgment entered dismissing this case with prejudice.

---

[34]If Plaintiff is arguing that Mr. Mendoza's attorney was constitutionally ineffective because he failed to anticipate future changes in the law, this claim has no merit.  *See United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004) ("The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant.").

## <u>RECOMMENDED DISPOSITION</u>

For the foregoing reasons, the undersigned recommends to the presiding judge that he

(1) **DENY** Mr. Mendoza's ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct***

***Sentence by a Person in Federal Custody*** (*CV Doc. 3; CR Doc. 96*), without an evidentiary hearing;

and (2) dismiss this case with prejudice.


*Lourdes A. Martínez*

**HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

13